Affirmed and Memorandum Opinion filed June 4, 2009








Affirmed
and Memorandum Opinion filed June 4, 2009.

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-08-00235-CR

____________

 

LYNN PAYNE HOUSTON, APPELLANT

 

V.

 

THE STATE OF TEXAS, APPELLEE

 



 

On Appeal from the 176th
District Court

Harris County, Texas

Trial Court Cause No. 1103778

 



 

M E M O R A N D U M   O P I N I O N

The
appellant, Lynn Payne Houston, was convicted by a jury for the offense of
aggravated assault with a deadly weapon.  See Tex. Penal Code Ann. ' 22.02(a)(2) (Vernon 2003).  Based on
an agreement between the State and the appellant, the trial court assessed
punishment at forty years= confinement, to be served at the Texas Department of
Criminal Justice, Institutional Division.  In one issue, appellant contends the
trial court erred in admitting four photographs, alleging they were gruesome
and cumulative.  Finding no error, we affirm.








Factual and Procedural Background[1]

On the
evening of February 1, 2007, complainant Cassandra Stutler went to pick up her
daughter from a friend=s house in Houston, Texas.  When she arrived at her friend=s home, she saw her recent
ex-boyfriend, the appellant, there as well.  Shortly thereafter, Cassandra and
the appellant began arguing, which quickly escalated into a physical fight. 
Cassandra ended up on the floor trying to protect herself from the appellant
kicking, stomping, and hitting her.  Appellant then grabbed a wooden paper
towel holder from a nearby table and struck Cassandra in the head repeatedly to
the point she noticed blood spurting from her head.  The friend and her husband
were able to pull appellant off Cassandra and ordered him to leave their home. 
Cassandra then went to the emergency room at Ben Taub hospital and was treated
for her injuries from the assault.  Officer Kevin Brown interviewed Cassandra
at the hospital after responding to a call from dispatch regarding the
assault.  During the interview, she provided him with the paper towel holder
used to assault her, along with a compact disc containing four photographs of
her injuries taken immediately after the altercation.

Discussion

A.      Did the
Danger of Unfair Prejudice Substantially Outweigh the Probative Value of the
Evidence?








In his only issue, appellant argues the trial court erred
in admitting State=s Exhibits 1 through 4, photographs
depicting the complainant=s victim=s injuries.  Appellant contends the four photographs were
erroneously admitted into evidence over his Rule 403 objection and were
unfairly prejudicial because they were gruesome and cumulative.  Three of the
photographs, depict blood on the complaint; one of the complainant facing the
camera with blood stains on her head and hand; one of the complainant=s back, with blood
stains on her shirt, and one of the complainant=s scalp with a
small puddle-like blood spot.  There are two close-up images of the complainant=s scalp wound; one
appears to contain a small blood spot, as stated, while the other appears to
depict the wound from a slightly different angle, with the victim=s hair parted in a
way to make the injury more clearly visible. 

1.         Standard of Review

The
admissibility of a photograph is within the sound discretion of the trial court
and we review that decision under an abuse of discretion standard.  Shuffield
v. State, 189 S.W.3d 782, 786, 787 (Tex. Crim. App. 2006); Andrade v.
State, 246 S.W.3d 217, 227 (Tex. App.CHouston [14th Dist.] 2007, pet. ref=d).  Because trial courts are in the
best position to decide questions of admissibility, appellate courts uphold a
trial court's admissibility decision when that decision is within the zone of
reasonable disagreement.  Cameron v. State, 241 S.W.3d 15, 19 (Tex. Crim. App. 2007); Isenhower
v. State, 261 S.W.3d 168, 178 (Tex. App.CHouston [14th Dist.] 2008, no pet.).

2.         Rule 403 Balancing
Test








Evidence is relevant if it has any tendency to make the
existence of any fact of consequence to the determination of the action more
probable or less probable than it would be without the evidence.  Tex. R. Evid. 401.  Relevant evidence may still be
excluded by the trial court under Rule 403 Aif its probative
value is substantially outweighed by the danger of unfair prejudice, confusion
of the issues, or misleading the jury, or by considerations of undue delay, or
needless presentation of cumulative evidence.@  Tex. R. Evid. 403.  Rule 403 favors the admission of relevant evidence
and carries a presumption that relevant evidence will be more probative than
prejudicial.  Shuffield, 189 S.W.3d at 787; Andrade, 246 S.W.3d at 227.  In
conducting a Rule 403 analysis, a trial court must balance (1) the
inherent probative force of the proffered item of evidence along with (2) the
proponent's need for that evidence against (3) any tendency of the evidence to
suggest decision on an improper basis, (4) any tendency of the evidence to
confuse or distract the jury from the main issues, (5) any tendency of the
evidence to be given undue weight by a jury that has not been equipped to
evaluate the probative force of the evidence, and (6) the likelihood that
presentation of the evidence will consume an inordinate amount of time or
repeat evidence already admitted.  Casey v. State, 215 S.W.3d 870, 880 (Tex. Crim. App.
2007).[2]


a.       Analysis 

I.        Probative
Force and Proponent=s Need for
Evidence 








First, we evaluate the Aprobative value@ of the
photographs; that is, the inherent probative force of an item of evidence
coupled with the proponent=s need for that item of evidence.  Casey,
215 S.W.3d at 879.  Probative force refers to how strongly the item of
evidence serves to make more or less probable the existence of a fact of
consequence to the litigation.  Id.  The State had the burden to prove
appellant caused bodily injury to the complainant by hitting her with a deadly
weapon.  See Tex. Penal Code Ann. ' 22.02(a)(2) (Vernon 2003).  The photographs
tended to make the existence of the fact that a bodily injury occurred and its
extent more probable than it would have been based on the testimony of the two
witnesses alone without the pictorial evidence.  The trial court could have
reasonably concluded the inherent probative force of the photographs was
considerable because the photographs provided context for the offense.  See
Austin v. State, 222 S.W.3d 801, 809 (Tex. App.CHouston [14th Dist.] 2007, pet. ref=d).

Next, in assessing the proponent=s need for the
evidence, three subparts are to be addressed: (1) whether the proponent has
other available evidence to establish the fact of consequence the evidence is
admissible to show; (2) if so, the strength of  that other evidence; and (3)
whether the fact of consequence is related to an issue that is in dispute.  Reese
v. State, 33 S.W.3d 238, 242 (Tex. Crim. App. 2000).  Officer Brown and the
complainant were the only witnesses for the State, and they briefly testified as
to injuries received as a result of the assault.  Thus, the photographs were
relevant and necessary for the prosecution to aid the jury in understanding the
testimony regarding the extent of the victim=s injuries and the
trial court could have reasonably found there was a need for the proponents to
put forth the evidence.

ii.       Counterfactors

We must now
balance the probative value of the evidence against the Rule 403
counterfactors.  Casey, 215 S.W.3d at 883.  








Potential to
Impress the Jury.  First, we consider the inherent tendency that the
introduction of certain evidence may lead to the resolution of material issues
based on an improper (emotional) basis.   Narvaiz v. State, 840 S.W.2d
415, 429 (Tex. Crim. App. 1992).  Rule
403 requires an admissible photograph
to possess  Asome probative value and that its probative
value not be substantially outweighed by its inflammatory nature.@ Long v. State,
823 S.W.2d 259, 272 (Tex. Crim. App. 1991) (emphasis in original).  When
reviewing a challenge as to the admissibility of photographs specifically, we
consider factors including: the number of photographs offered, their
gruesomeness, their detail, their size, whether they are black and white or
color, whether they are close-up, and whether the body is naked or clothed.  Id.
at 272; Whitemire v. State, 183 S.W.3d 522, 531 (Tex. App.CHouston [14th Dist.] 2006, pet. ref=d).  While they
may be deemed Agruesome@ by some, the
trial court does not err when admitting them based on that reason alone.  See
Sonnier v. State, 913 S.W.2d 511, 519 (Tex. Crim. App. 1995).  In this
case, the power of the photographs stems from nothing more than the affects of
appellant=s offense appellant himself had done and are no more
gruesome than the facts of the offense itself.  See id.  Further, they
are limited in number to four, which the victim testified depicted her injuries
at the time.  They were not identical, the victim was fully clothed, they were
not enlarged, they did not depict large amounts of blood, nor were they
unnecessarily close-up or enhanced.  Even assuming the photographs were
presented to the jury in color,[3]
we hold the images were not of such a horrifying or appalling nature that a
juror of normal sensitivity would have difficulty rationally deciding the
critical issues of the case after viewing any of them individually or
cumulatively.  See Fuller v. State, 829 S.W.2d 191, 206 (Tex. Crim. App. 1992), overruled on
other grounds by Castillo v. State, 913 S.W.2d 529 (Tex. Crim. App. 1995).  It was
therefore within the zone of reasonableness for the trial court to conclude the
evidence would not lead to a jury=s resolution of
material issues based on an emotional response to the photographic evidence.

Confusion of the
Issues.  Second, we inquire as to the tendency of the evidence to
confuse or distract the jury from the main issues.  See Casey, 215
S.W.3d at 880.  Because the photographs were proof of the charged offense, they
could not have possibly distracted the jury from the issue at hand.  See
Manning v. State, 114 S.W.3d 922, 928 (Tex. Crim. App. 2003).








Misleading the
Jury.  Third, we examine any tendency of the evidence to be
given undue weight by a jury on other than emotional grounds.  Gigliobianco,
210 S.W.3d at 641.  For example, Ascientific@ evidence that
might mislead a jury that has not been properly equipped to evaluate the
probative force of the evidence.  Id.  On appeal, the appellant does not
mention this factor nor argue it weighs against admissibility.  Rather,
appellant bases his argument on the opposite B the gruesomeness
of the photographs sways the jury because of emotional reasons.  Because we see
no reason for this factor to tip the scale in favor of inadmissibility, we
conclude it should weigh in favor of admissibility.

Undue Delay and
Needless Presentation of Cumulative Evidence.  Fourth, we
examine the likelihood that presentation of the evidence will consume an inordinate amount of time
or merely repeat evidence already admitted.  Gigliobianco, 210 S.W.3d at
642.  This factor concerns the efficiency of the trial proceeding rather than
the threat of an inaccurate decision.  Id. at 641.  The time involved in
the introduction of the photographs was minimal.  The pictures are few in
number and reflect different images of the complainant=s injuries.   We
find it reasonable for the trial judge to have concluded the photographs were
not cumulative nor did they cause undue delay. 

 

Conclusion

Having considered
all of the factors involved in the Rule 403 analysis, we conclude the trial
court did not abuse its discretion when it overruled appellant=s objection and
admitted the four photographs.  We affirm the trial court=s judgment.

 

 

 

 

/s/      John S. Anderson

Justice

 

 

 

 

Panel consists of
Chief Justice Hedges and Justices Anderson and Seymore.

Do Not Publish C Tex. R. App. P. 47.2(b).

 









[1]  Because of the nature of appellant=s issue, we find it unnecessary to set forth a
detailed account of the facts and circumstances surrounding appellant= offence.





[2]  The Texas
Court of Criminal Appeals has recognized in some of its opinions that a proper
Rule 403 analysis included, but was not limited to, four factors:(1) the
probative value of the evidence, (2) the potential of the evidence to impress
the jury in some irrational yet indelible way, (3) the time needed to develop
the evidence, and (4) the proponent's need for the evidence.  Gigliobianco
v. State, 210 S.W.3d 637, 642 n.8 (Tex. Crim. App. 2006).  The Court also
noted in the Gigliobianco case that the newly-worded framework did no
more than refine and build upon its previous analysis, and brought it in line
with the plain text of Rule 403.  Id.  As an intermediate appellate
court, we are bound by controlling authority from the Court of Criminal
Appeals.   Zarychta v. State, 44 S.W.3d 155, 162 (Tex. App.CHouston [14th Dist.] 2001, pet. ref=d).  Today we follow its guidance and utilize the
newly-worded refinement, bringing the analysis in line with the plain text of
Rule 403.



 





[3]  The appellate record initially contains plain (i.e.,
black and white) copies usually of color originals.  We can order the originals
if necessary, however, in this case we hold it immaterial because we determined
the photographs would not be gruesome regardless of whether they were black and
white or in color.